IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| TEURAY JERI CORNELL, | CV 12-7-M-DLC-JCL |
| Plaintiff, | ORDER, and |
| | FINDINGS AND |
| vs. | RECOMMENDATIONS |
| MISSOULA COUNTY, MISSOULA COUNTY COMMISSIONERS, STATE OF MONTANA, ATTORNEY GENERAL OF THE STATE OF MONTANA, and MISSOULA COUNTY SHERIFF, | |
| Defendants. | |

_____

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Teuray Cornell filed a Motion to Proceed In Forma Pauperis. Cornell submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action, **IT IS HEREBY ORDERED** that Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Cornell's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. Section 1915 permits the Court to dismiss an action on various grounds, including cases where the pleading "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(ii).

The Court will review Cornell's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. BACKGROUND

Cornell, proceeding pro se in this action, seeks compensation for allegedly being unlawfully incarcerated for four days at the Missoula County Jail. Cornell's complaint and Exhibit A to the complaint establish that in 2008 Cornell was convicted of a crime in Justice Court, Missoula County. As part of his sentence the court ordered Cornell to pay a fine and surcharge in the total amount of $185. Ultimately, on May 21, 2010, Cornell paid the $185 to the Justice Court in full, and the court accepted the payment. Nonetheless, the court determined Cornell's full payment was "too little too late." Dkt. 2-1 at 3 of 4. Consequently, as

Cornell's allegations and the record reflect, although the Justice Court recognized Cornell had paid his fine in full, on May 21, 2010, the court sentenced Cornell to a term of seven weeks in jail. Cornell was released from jail on May 24 or 25, 2010, when the court stayed the jail sentence pending Cornell's appeal. On appeal, the Montana Fourth Judicial District Court, Missoula County reversed and vacated the Justice Court's May 21, 2010 sentencing ordered because Cornell had paid his fine in full before he was sentenced to jail.

Cornell alleges all the Defendants, acting under color of state law, are responsible for his unlawful incarceration and are liable for the resulting violation of his rights protected under the United States Constitution. Cornell alleges Defendants are liable for failing to check with the Missoula County Justice Court to determine whether Cornell had been illegally incarcerated.

## III. DISCUSSION

Because Cornell is proceeding pro se the Court must construe his pleading liberally, and it is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Cornell's allegations purport to establish that all Defendants are liable under 42 U.S.C. § 1983 for alleged violations of his constitutionally protected right to liberty. Section 1983 permits a plaintiff to present claims under federal law against a state official or employee acting under color of state law for depriving the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Even with liberal construction, however, the Court concludes Cornell's allegations fail to state a claim on which the Court could grant relief under § 1983. Cornell's allegations establish that the Justice Court, with knowledge that Cornell paid his fine in full, still decided to sentence Cornell to jail. Although Cornell alleges Defendants failed to check with the Justice Court to consider whether Cornell had been illegally incarcerated because he had paid his fine, even if Defendants had inquired with the Justice Court they would have discovered that the Justice Court accepted Cornell's payment, but nonetheless still decided to sentence him to jail. None of the Defendants had any legal authority to question,

challenge, correct, interfere with, disobey, reverse or vacate the Justice Court's May 21, 2010 sentence of incarceration imposed on Cornell.

The record establishes that Cornell was incarcerated based on the Justice Court's decision, not the conduct of any Defendant named in this action. Liability under 42 U.S.C. § 1983 can be imposed against an individual defendant only on the grounds that the individual personally participated in, and had an integral involvement in the alleged unlawful conduct. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008). Each individual's liability must be based on his or her own conduct. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996). And there must exist a direct causal connection between the acts of each defendant and the alleged constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Here, as alleged by Cornell, he was incarcerated as a direct result of the sentence imposed by the Justice Court, with full knowledge the fine had been paid.[1] Therefore, Defendants are not liable for Cornell's incarceration.

Additionally, as a further ground for dismissal, the Court notes that the State of Montana is immune from suit brought in federal court under authority of the Eleventh Amendment to the United States Constitution. *See Seven Up Pete*

---

[1] Because the Justice of the Peace was performing a judicial act in sentencing Cornell, the Justice would be entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

*Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

**IV. CONCLUSION**

Based on the foregoing, the Court finds that Cornell's allegations fail to state a claim for relief against any of the named Defendants. THEREFORE, IT IS HEREBY RECOMMENDED that this action be DISMISSED without leave to amend on the basis that it is clear that the defects in Cornell's allegations could not be cured by any amended pleading.

DATED this 26th day of January, 2012.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge